**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| JOSEPH TATE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:08-1789-HMH-MCIV |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY W. POWER, Director | ) | **REPORT AND RECOMMENDATION** |
| of Spartanburg County Jail, | ) | |
| LIEUTENANT NFN PILGRIM, | ) | |
| CORPORAL R. GRAY, | ) | |
| OFFICER NFN NLN working of | ) | |
| the second incident, MEDICAL | ) | |
| STAFF, NURSE NFN NLN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff has filed this action, pro se, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the Spartanburg County Detention Center, alleges violations of his constitutional rights by the named Defendants. The Defendants filed a motion for summary judgment on August 28, 2008, pursuant to Rule 56, Fed.R.Civ.P.. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 2, 2008, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

On September 9, 2008, the Court's order was returned marked "No Longer At This Institution". After a review of the docket in this case, the undersigned notes that two (2) other orders

1

of the Court, including the Court's serve order have been returned marked with the same notation "No Longer At This Institution". *See* Docket Entries Nos. 14, 21 and 27. Therefore, as a result neither the Court nor the Defendants have any means of contacting him concerning his case.

Additionally, as of this date, Plaintiff has still not responded to Defendants' motion for summary judgment. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70;  Fed.R.Civ.P. 41(b); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

Based on the foregoing, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Fed.R.Civ.P. 41(b).  The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

**If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**  If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *See* Ballard, 882 F.2d

---

[1]He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

at 95.

The parties are also referred to the Notice Page attached hereto.



_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 14, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).